UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4751(DSD/JJK)

James T. Schemionek and
Laurie A. Schemionek,

       Plaintiffs,

v.                                            **ORDER**

Deutsche Bank Trust Company
as Trustee, GMAC Mortgage, LLC,
Mortgage Electronic Registration
Systems, Inc., Homecomings
Financial LLC,

       Defendants.

      Marcus A. Jarvis, Esq., Jarvis & Associates, PC, 13630 Oakwood Curve, Burnsville, MN 55337, counsel for plaintiffs.

      Ryan A. Olson, Esq., Richard R. Voelbel, Esq., Donald G. Heeman, Esq. and Felhaber, Larson, Fenlon & Vogt, PA, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, counsel for defendants.

This matter came before the court for hearing on February 14, 2011, upon the motion for a temporary restraining order (TRO) by plaintiffs James T. Schemionek and Laurie A. Schmionek.[1] All parties appeared through counsel. Because the TRO motion raises the same questions of jurisdiction as the motion to dismiss by defendants Deutsche Bank Trust Company as Trustee (Deutsche Bank), GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc.

---

[1] The instant case was filed under the name "Laurie A. Schmionek." Other filings spell this plaintiff's last name "Scheminek" and "Schemionek." See ECF No. 29, Exs. 9, 11. The court refers to plaintiffs collectively as "the Schemioneks."

(MERS) and Homecomings Financial LLC, the parties agreed that the court should address both motions. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion for a TRO and grants the motion to dismiss.

### BACKGROUND

This eviction and foreclosure dispute arises out of an order of eviction entered against the Schemioneks in Minnesota state court on December 8, 2010. The Schemioneks were the mortagors of a home located at 24164 Beard Avenue South in Lakeville, Minnesota. On April 27, 2010, MERS purchased the home at a sheriff's sale. Thereafter, MERS assigned the property to Deutsche Bank. The Schemioneks did not redeem the mortgage within the six-month redemption period. On November 16, 2010, Deutsche Bank filed an action in Minnesota state court against the Schemioneks, seeking a writ of recovery of premesis. The state court heard argument on November 30, 2010. On December 8, 2010, the state court issued the writ of recovery in favor of Deutsche Bank, and stayed the order until December 31, 2010. The Schemioneks appealed to the Minnesota Court of Appeals. On January 26, 2011, the state district court extended the stay conditioned upon the Schemioneks posting a security bond of $21,400 by February 11, 2011.

Meanwhile, on November 29, 2010, plaintiffs filed the instant action, asking the court to "set aside the Foreclosure Action" and

declare "that [defendants] conduct is unconstitutional and illegal" on the grounds that MERS "may have lacked Standing to foreclose on the property."[2]  The Schemioneks claim that the court has jurisdiction under:

> any or all of the following: 1) The Truth in Lending Act; 2) Real Estate Settlement Act; 2) The U.S. Constitution, generally; 3) The Administrative Procedures Act (the APA), 5 USC et. Seq.; 4) The Declaratory Judgment Act, 28 USC § 2201 et. Seq.; The All Writs Act, 28 USC §1651; and 5) Finally, this court has mandamus jurisdiction pursuant to 28 USC § 1361.

Compl. ¶ 23.  On December 7, 2010, defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.[3]  On February 10, 2011, the Schemioneks moved for a TRO prohibiting the state court from issuing the writ of recovery. Consistent with the oral order of the court at the February 14, 2011, hearing, the court now addresses the motion for a TRO and motion to dismiss.

## DISCUSSION

The court usually evaluates a motion for a TRO by weighing (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between that harm and the harm that the

---

[2] The court notes that, even if it had jurisdiction over this matter, the Schemioneks's state-law claims appear to be without merit under Jackson v. Mortgage Elec. Registration Sys., Inc., 770 N.W.2d 487 (Minn. 2009).

[3] Defendants filed an amended motion to dismiss on January 13, 2010.  ECF No. 12.

relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits and (4) the public interest. See Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). In this case, the court cannot proceed under Dataphase, because it lacks subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction is a threshold requirement for every action in federal court. See Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991); see also Fed R. Civ. P. 12(h)(3). Where, as here, a defendant challenges the complaint on its face, the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008).

I.  **Federal Question Jurisdiction**

A federal court has jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law only if "a federal cause of action appears on the face [of] a well-pleaded complaint." Oglala Sioux Tribe v. C & W Enters., Inc., 487 F.3d 1129, 1131 (8th Cir. 2007).

The Schemioneks first argue that jurisdiction exists under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1610 et seq., and the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C.

§ 2601 et seq.  The TILA requires "meaningful disclosure of credit terms" at the time a lender extends consumer credit.  See 15 U.S.C. § 2601; see also 12 C.F.R. §§ 226.1-226.39 (Regulation Z).  The RESPA concerns disclosure of settlement costs and assignments of mortgage loans.  See 12 U.S.C. §§ 2601, 2605, 2607-08.  The Schemioneks do not allege any basis for a violation of the TILA or the RESPA, and their claim that MERS may not have owned the note at the time of foreclosure is unrelated to activity regulated by either act.  Therefore, the complaint provides no cause of action under the TILA and the RESPA.

The Schemioneks next argue that jurisdiction exists under the Administrative Procedures Act (APA), 5 U.S.C. § 702, and the Mandamus Act, 28 U.S.C. § 1361.  The APA allows judicial review of agency actions when a person suffers or is adversely affected as a result of "agency action."  5 U.S.C. § 702.  The Mandamus Act grants jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The Schemioneks do not allege any action by an agency, officer or employee of the United States.  Therefore, the complaint presents no cause of action under the APA or the Mandamus Act.

 The Schemioneks also argue that jurisdiction exists under "[t]he U.S. Constitution, generally."  The complaint does not support this basis.  No defendant is a state actor.  The

Schemioneks do not allege that any defendant acted under color of state law.  Moreover, the Schemioneks do not tie their claims to any provision of the Constitution.  Therefore, the complaint presents no cause of action under the Constitution.

Lastly, the Schemioneks argue that the All Writs Act, 28 U.S.C. § 1651, confers jurisdiction upon the court.  "[A]lthough the All Writs Act ... authorizes federal courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, the Act does not create an independent source of federal jurisdiction.  <u>Goss Intern. Corp. v. Man Roland Druckmaschinen Aktiengesellschaft</u>, 491 F.3d 355, 364 (8th Cir. 2007) (citation and internal quotation marks omitted).  Therefore, the Schemioneks have not pleaded a federal cause of action, and this court lacks jurisdiction under 28 U.S.C. § 1331.

**II.  Diversity Jurisdiction**

A federal court also has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States."  28 U.S.C. § 1332.  Here, the complaint states that the Schemioneks are citizens of Minnesota and that at least two defendants are also citizens of Minnesota.  Moreover, the Schemioneks do not indicate the citizenship of the members of the defendants that are limited-liability companies.  See <u>GMAC Commercial Credit LLC v. Dillard</u>

Dept. Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes ...."). Therefore, the complaint indicates that this action is not between citizens of different states, and this court lacks jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

Based on the above, the court lacks jurisdiction and must dismiss this action. Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for a TRO [ECF No. 26] is denied;
2. The amended motion to dismiss [ECF No. 12] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 18, 2011

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court